1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

9
10
11
12
13
14
15
16

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION, | Case No.:  2:25-cv-00750 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| MARCUS GLASPER, in his official capacity as Director of Washington Department of Licensing; WASHINGTON STATE DEPARTMENT OF LICENSING, | |
| Defendants. | |

17
18
19
20
21
22
23
24
25
26

Plaintiff Alliance for Automotive Innovation brings this complaint for declaratory and injunctive relief, and alleges as follows:

## INTRODUCTION AND BACKGROUND

1. The Washington Department of Licensing (the "Department") has promulgated new regulations (the "Licensing Regulation Amendments") that have the effect of criminalizing practices long allowable under a vehicle manufacturer's license to operate in the state of Washington. The new regulations are unconstitutional and exceed the Department's authority under both federal and state law. The new regulations went into effect on January 20, 2025.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 1

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

1    2.    The Alliance for Automotive Innovation ("Auto Innovators"), in both testimony

2    and written comments to the Department during the regulatory process, repeatedly sought needed

3    clarity from the Department regarding the scope and impact of the Licensing Regulation

4    Amendments. Auto Innovators wanted to ensure that the amendments would be constitutional, a

5    valid exercise of the authority delegated to the Department, and would not stop long-standing

6    practices where vehicle manufacturers provide beneficial information to consumers.

7    3.    The Department refused to clarify or revise the Licensing Regulation Amendments

8    to address the constitutional issues raised by Auto Innovators. It also refused to address additional

9    concerns from the Washington State Automobile Dealers Association, leading that organization to

10   file suit with different claims in state court and to seek a stay of the Licensing Regulation

11   Amendments.[1]

12   4.    The Licensing Regulation Amendments are preempted by federal law to the extent

13   they conflict with the Automobile Information Disclosure Act of 1958, 15 U.S.C. §§ 1231–1233.

14   Specifically, the Licensing Regulation Amendments have the effect of exposing vehicle

15   manufacturers to criminal penalty for posting manufacturer's suggested retail price ("MSRP") on

16   vehicle window stickers, which is mandated by federal law, because the Licensing Regulation

17   Amendments prohibit manufacturers from "discussing" the "price of the vehicle."

18   5.    The Licensing Regulation Amendments, as written, are also unconstitutional

19   because they both compel and restrict content-based speech by imposing new regulations on the

20   commercial speech of licensed manufacturers.

21

22

---

23   [1] *See Washington State Automobile Dealers Association v. Department of Licensing*, Case No. 25-

24   2-00164-34 (Superior Court of Washington for Thurston County) (challenging the Licensing

25   Regulation Amendments on grounds unrelated to the challenges alleged herein). By order dated

26   January 24, 2025, the Court in that action issued an order staying the effective date of the Licensing

Regulation Amendments' definition of "public education."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 2

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

6.     The restrictions on speech prohibit vehicle manufacturers from "discussing" the "price of a vehicle," "[p]rospective financing," "[a]vailability of vehicles for purchase," and "[v]ehicle trade-ins", among other things—reserving these topics solely for licensed dealers. This new content-based regulation barring certain commercial speech, therefore, will deny the public long-available truthful, beneficial information about a vehicle manufacturer's products. Additionally, because the Licensing Regulation Amendments are a creature of state law, consumers in Washington state or those who might otherwise purchase a vehicle in Washington state will be disadvantaged relative to other consumers in other states not subject to such restrictions.

7.     In addition, the public education compelled speech requirement—that it is the responsibility of a vehicle manufacturer who provides the public with information about its products to affirmatively explain the difference between manufacturers and dealers—violates constitutional standards governing commercial speech because this new regulation is compelled content-based speech without any constitutionally significant justification. It also is unconstitutionally vague because the Department has provided no guidance on which disclosures satisfy this new requirement.

8.     Under Washington law, engaging in conduct reserved for licensed dealers is, in some instances, a violation of criminal law, which creates its own constitutional concerns. As a result, vehicle manufacturers face immediate risk of new criminal and other sanctions for providing consumers with basic information vehicle manufacturers have long provided to consumers. Because the new regulatory standards for these sanctions are vague, the criminal and other sanctions could be imposed arbitrarily and capriciously and without due process of the law.

9.     The Licensing Regulation Amendments also do not further the legitimate interests of the state of Washington because they would deny common, truthful and beneficial activities in which many vehicle manufacturers have long engaged that encourage and facilitate the sale and lease of motor vehicles through licensed vehicle dealers in Washington. Washington consumers

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 3

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

would also suffer as the Licensing Regulation Amendments would preclude consumers from obtaining in one location pricing information, potential financing information, and the availability and location of in-stock vehicles.

10.    As a result of these and other flaws, the new Licensing Regulation Amendments are federally preempted, unconstitutional, unreasonable, and inconsistent with the Department's authorizing statute.

11.    Auto Innovators brings this suit praying for declaratory and injunctive relief in which this Court restrains and enjoins Defendants from enforcing the new Licensing Regulation Amendments against members of the Auto Innovators unless or until the Department properly tailors its regulations to pass constitutional scrutiny.

## THE PARTIES

12.    Plaintiff Auto Innovators is the leading advocacy group for the automotive industry. It was formed in 2020 from the combination of the country's two largest industry trade associations, the Alliance of Automobile Manufacturers and the Association of Global Automakers, to provide a single, unified voice for the automotive industry.

13.    Plaintiff Auto Innovators' members are the country's leading automotive manufacturers. Together, the group's members produce the majority of the cars and light trucks sold in the United States today. Vehicles manufactured by those members are sold throughout the country, including in Washington.

14.    Plaintiff Auto Innovators' address is 1050 K Street, NW, Suite 650, Washington, DC 20001.

15.    Auto Innovators' members include BMW of North America, LLC; FCA US, LLC; Ford Motor Co.; General Motors Co.; American Honda Motor Co., Inc.; Hyundai Motor America; Jaguar-Land Rover North America, LLC; Kia America, Inc.; Mazda North America; Mercedes-Benz USA, LLC; Mitsubishi Motors of North America, Inc.; Nissan North America, Inc.; Porsche Cars North America, Inc.; Subaru of America, Inc.; Toyota Motor North America, Inc.;

Volkswagen Group of America; and Volvo Cars USA LLC. These members would have standing to sue in their own right. Auto Innovators seeks to protect the interest of its members regarding an issue at the core of the organization's purpose and mission. Neither the claims nor the requested relief requires the participation of—nor individual proof related to—individual members.

16.    Defendant Marcus Glasper (the "Director") is the director of the Department.

17.    The Director is being sued in his official capacity.

18.    The Director's address in his official capacity is 1125 Washington Street SE, Olympia, WA 98501.

19.    The Department is the agency responsible for regulating, *inter alia*, vehicle manufacturers and dealers in the state of Washington.

20.    The Department's principal address is 1125 Washington Street SE, Olympia, WA 98501.

## JURISDICTION AND VENUE

21.    This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 2201(a).

22.    There is federal question jurisdiction under 28 U.S.C. § 1331 because Auto Innovators alleges violations of the federal Constitution and federal law. Auto Innovators, on behalf of its members, seeks a declaration of its rights pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, over which there is an actual controversy after the enactment of the Licensing Regulation Amendments.

23.    This court has supplemental jurisdiction over other claims under 28 U.S.C. § 1367 because they are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

24.    This Court has personal jurisdiction over Defendants because (i) they are located in the District in which this action was filed; and (ii) many of the actions giving rise to these claims occurred in and/or were directed from this District.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 5

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

25.    Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

**ALLEGATIONS COMMON TO ALL COUNTS**

26.    The state of Washington has long "regulate[d] the relationship between motor vehicle dealers and motor vehicle manufacturers, importers, distributors, and their representatives doing business in" the state. RCW 46.96.010.

27.    The stated goal of the legislature was "to impose a regulatory scheme and to regulate competition in the motor vehicle industry to the extent necessary to balance fairness and efficiency." *Id*.

28.    Chapter 46.70 of the Revised Code of Washington sets forth which activities require licensure by vehicle manufacturers or dealers and regulates those activities accordingly.

29.    A manufacturer is defined as one "who manufactures or assembles new and unused vehicles or remanufactures vehicles in whole or in part" and includes the related terms "distributors," "factory branches," and "factory representatives." RCW 46.70.011(8).

30.    Dealers are those who are "engaged in the business of buying, selling, listing, exchanging, offering, brokering, leasing with an option to purchase, auctioning, soliciting, or advertising the sale of new or used vehicles, or arranging or offering or attempting to solicit or negotiate on behalf of others, a sale, purchase, or exchange of an interest in new or used motor vehicles, irrespective of whether the motor vehicles are owned by that person." RCW 46.70.011(17).

31.    Separate licenses are available for manufacturers and dealers, respectively.

32.    It is unlawful for a manufacturer to compete with a new motor vehicle dealer by "acting in the capacity" of a new motor vehicle dealer. RCW 46.96.185(1)(g).

33.    The Legislature granted the Department authority under RCW 46.70 to adopt "any *reasonable* rules and regulations *not inconsistent* with the provisions of [RCW 46.70] relating to the enforcement and *proper operation* thereof." RCW 46.70.160 (emphasis added). Thus, to be

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 6

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

valid and within the agency's statutory authority, Department rules must be reasonable, consistent with the authorizing statutes, and be for the proper operation of the statutory scheme.

34.    The Department has adopted various rules pursuant to its authority under RCW 46.70.160.

35.    In April 2024, the Department initiated rulemaking claiming in a preproposal statement of inquiry that it wished to *clarify*—not change—manufacturer and dealer roles under the statutory and regulatory scheme.

36.    According to the preproposal statement of inquiry, the Department stated that rulemaking was being undertaken because "[c]urrently there is ambiguity in the definition of a vehicle dealer versus a manufacturer, and what activities each business type is allowed to participate in. This has led to confusion and issues amongst industry members, requiring opinions from the Attorney General's office."

37.    On October 22, 2024, the Department issued its proposed rule making and published a draft rule for public viewing.

38.    The Licensing Regulation Amendments made two significant changes that fundamentally alter—not merely clarify—allowable activities and required speech of licensed manufacturers.

39.    First, the definition of "soliciting"—an activity that requires a dealer's license under RCW 46.70.011(17)—was broadly expanded. *See* WAC 308-66-110(2). Previously, "soliciting," as used in RCW 46.70, meant only an "offer to effect the purchase or sale of a vehicle on behalf of another person." *Id*. The Licensing Regulation Amendments expanded the activities requiring a dealer's license to include "[d]iscussing" various "topics on behalf of another person," including the "price of a vehicle," "[t]erms of purchase," "[p]rospective financing," "[a]vailability of vehicles for purchase," or "[v]ehicle trade-ins." *Id*.

40.    Many automotive manufactures, including members of Auto Innovators, have long posted information on their websites or otherwise provided information to consumers in

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 7

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

1  promotional materials or advertising that now appears to meet the Licensing Regulation
2  Amendments' new definition of "soliciting."

3      41.    These activities—far from undermining Washington's statutory licensing
4  scheme—have long facilitated that scheme by providing consumers with valuable information
5  about a manufacturer's vehicles and then directing consumers to licensed vehicle dealers to
6  effectuate their purchases.

7      42.    For example, all manufacturers provide the MSRP of the vehicles being sold by
8  dealers, certain manufacturer's allow dealers to post a "no-haggle" price for a vehicle on the
9  manufacturer's website; manufacturers routinely advertise promotional vehicle financing rates
10 being offered by their finance affiliates; many manufacturer websites have tools that allow
11 consumers to check available inventory available for purchase at their dealers; and some
12 manufacturers have tools on their websites that allow consumers to get a conditional trade-in offer
13 on the consumer's current vehicle.

14     43.    These basic informational activities, that are beneficial to both dealers and
15 Washington consumers (and consumers all over the country), are now apparently outlawed
16 because the Licensing Regulation Amendments include within the new definition of "soliciting:"
17 "discussing" the "price of a vehicle," "[t]erms of purchase," "[p]rospective financing,"
18 "[a]vailability of vehicles for purchase," and "[v]ehicle trade-ins." Critically, the Licensing
19 Regulation Amendments make this change without defining the term "discussing," which is
20 needed to determine which activities long considered lawful are now barred under this provision.

21     44.    Second, the Licensing Regulation Amendments introduce an entirely new
22 definition and concept for "public education" that includes compelled content-based speech on
23 vehicle manufacturers. They state that "public education" activities focus on "increasing the
24 public's knowledge of a vehicle's specifications, features, and capabilities" for which a dealer's
25 license is not required. WAC 308-66-110(19).

26

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 8

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

45.     When engaging in "public education" activities, including displaying or demonstrating vehicles, the Licensing Regulation Amendments compel the following content-based speech on vehicle manufacturers: "a licensed manufacturer must take reasonable steps to inform the public that the manufacturer may not engage in any motor vehicle dealer business activity." *Id*. Put differently, the legislature seeks to require manufacturers to explain what they are <u>*not*</u>. The precise meaning and scope of "public education" and "reasonable steps" are vague, ambiguous, and unclear, adding to the confusion about a manufacturers' obligations.

46.     For example, it is unclear what the definition of "public education" means by "displaying or demonstrating vehicles." Is displaying information on a manufacturer's website about vehicles available for purchase at a licensed dealer allowed as "public education," or is it prohibited "soliciting" activity enforceable by criminal punishment?

47.     The term "public education" is also entirely novel and ambiguous because, although the purported purpose of WAC 308-66-110 is to aid in "administering chapter 46.70 RCW," the term "public education" does not appear anywhere in RCW 46.70, RCW 46.96, or elsewhere in WAC 308-66.

48.     At a public hearing on December 6, 2024, related to the proposed Licensing Regulation Amendments, a representative of Auto Innovators testified raising concerns about the Licensing Regulation Amendments.

49.     Specifically, Auto Innovators requested clarity on the proposed prohibition on "discussing" the covered items now included in the new definition of "soliciting," including how these rules would interact with existing practices by manufacturers.

50.     Auto Innovators also submitted written comments to the Department raising the same concerns and seeking the same needed clarity.

51.     Despite these repeated efforts to assure that the Licensing Regulation Amendments would not violate federal and/or state law, the concerns raised by Auto Innovators and the Washington State Automobile Dealers Association, among others, about the impropriety and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 9

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

vagueness of the proposed Licensing Regulation Amendments were ignored by the Department who refused to address those concerns or amend the proposed regulations. Instead, in December 2024, the Department issued a permanent rule making order adopting the problematic and flawed Licensing Regulation Amendments.

52.     The regulatory changes in the Licensing Regulation Amendments can result in immediate and significant consequences for vehicle manufacturers that continue to engage in business as usual by providing certain vehicle information to customers (information that continues to be provided routinely and daily in other states) because Washington law makes it "unlawful for any person … to act as a vehicle dealer … without first obtaining and holding a current license…." RCW § 46.70.021(1). Additionally, "a person or firm engaged … in dealer activity without holding a vehicle dealer license, is guilty of a gross misdemeanor, and upon conviction subject to a fine of up to five thousand dollars for each violation and up to three hundred sixty-four days in jail." RCW § 46.70.021(3).

53.     Under the Licensing Regulation Amendments, the Department may now construe activities previously undertaken by manufacturers—some of which are required by federal law, such as the inclusion of long-required window stickers—as criminally "soliciting" the sale of a vehicle.

54.     The Department has asserted that the new rule merely codifies existing law, but has refused to engage with Auto Innovators and others to clarify and ensure the Licensing Regulation Amendments do not prohibit activities long undertaken by vehicle manufacturers that benefited Washington dealers and Washington consumers.

55.     The state of Washington has acted through the Director and Department, and all the acts alleged herein—including adopting the Licensing Regulation Amendments, and decisions to enforce or not enforce those regulations—were undertaken by Defendants as officials of the state of Washington.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 10

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

56.     The conduct of Defendants or their agents, as well as the threatened conduct of each as herein alleged, was and is performed under color of law of the state of Washington, and all such conduct constitutes "acts of the state" within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

57.     The Licensing Regulation Amendments impact all companies equally and determination of the merits of the claim will not require participation of any individual companies.

**FIRST CLAIM FOR RELIEF**

**Declaratory Judgment of Conflict Preemption Under the Automobile Information Disclosure Act of 1958**

58.     Plaintiff repeats and re-alleges Paragraph 1 to 57 above as if fully set forth herein.

59.     This claim is brought under 28 U.S.C. § 2201, 42 U.S.C. § 1983, and this Court's inherent equitable authority, and seeks a declaration that the Licensing Regulation Amendments cannot restrict the ability of vehicle manufacturers to post vehicle pricing information as required by the Automobile Information Disclosure Act of 1958 (the "AIDA"), 15 U.S.C. §§ 1231–1233.

60.     The AIDA requires that a window sticker be placed on all new vehicles offered for sale in the United States.

61.     These window stickers are sometimes called "Monroney stickers" or "Monroney labels" and must include the vehicle's MSRP.

62.     The window sticker must be affixed to the window by the vehicle's manufacturer. *See* 15 U.S.C. § 1232 ("Every manufacturer of new automobiles distributed in commerce shall, prior to the delivery of any new automobile to any dealer, or at or prior to the introduction date of new models delivered to a dealer prior to such introduction date, securely affix to the windshield, or side window of such automobile a label on which such manufacturer shall endorse clearly, distinctly and legibly true and correct entries disclosing the following information.").

63.     That sticker, affixed by the manufacturer, must remain on the vehicle through "custody and possession of the ultimate purchaser." 15 U.S.C. § 1233(c). Consequently, pursuant

to federal law, the Monroney label, including the manufacturer's statement about MSRP, must remain on vehicles owned by and offered for sale by vehicle dealers.

64.    The Supremacy Clause of the United States Constitution, U.S. Const. art. VI, provides that "the laws of the United States . . . shall be the supreme law of the land."

65.    State statutes and regulations that conflict with federal law are preempted by operation of the Supremacy Clause.

66.    Preemption may arise when "compliance with both state and federal law is impossible, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *United States v. Locke*, 529 U.S. 89, 109 (2000) (cleaned up).

67.    Plaintiff has a legitimate and imminent fear that, by posting the MSRP, the Department may pursue criminal charges against a manufacturer (or potentially all manufacturers) based on the allegation that a window sticker "discuss[es]" the "price of a vehicle" owned by "another person" (*i.e.*, the vehicle dealer), which is now included in the Licensing Regulation Amendment's definition of "soliciting." WAC 308-66-110.

68.    "Soliciting" requires a license as a vehicle dealer. RCW 46.70.011(17).

69.    A manufacturer cannot be licensed as a vehicle dealer. RCW 46.96.185(1)(g); WAC 308-66-152(1)(g).

70.    The Licensing Regulation Amendments render compliance with both state and federal law impossible to the extent a manufacturer cannot post MSRP on a window sticker—as it is required to do by a federal law that has been in force since 1958 (that is, for some 67 years)— without a state dealer's license, which it cannot legally obtain.

71.    The Licensing Regulation Amendments also stand as an obstacle to the accomplishment of the full purposes of Congress, to the extent they will stop manufacturers from making the required disclosures on window stickers.

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**SECOND CLAIM FOR RELIEF**

**Declaratory Judgment of Facially Unconstitutional Regulations Under the First Amendment to the U.S. Constitution for Prohibiting Commercial Speech / 42 U.S.C. § 1983**

72.    Plaintiff repeats and re-alleges Paragraph 1 to 71 above as if fully set forth herein.

73.    The First Amendment, which applies to state and local government through the Fourteenth Amendment, prohibits laws "abridging the freedom of speech." U.S. Const. amend. I.

74.    The Licensing Regulation Amendments are facially unconstitutional under the First Amendment to the Constitution because they directly regulate speech and impose content-based restrictions on speech by stating that prohibited "soliciting" now bars manufacturers from "[d]iscussing" various topics, including "[t]he price of a vehicle," "[t]erms of purchase," "[p]rospective financing," "[a]vailability of vehicles for purchase," or "[v]ehicle trade-ins."

75.    Those regulations (i) are based on the identity of the speaker—manufacturers are treated differently than dealers; (ii) directly regulate communication because they prohibit "discussing" certain topics; and (iii) are content-based because they regulate the substance of those communications.

76.    As a result, the Licensing Regulation Amendments unconstitutionally regulate commercial speech, which the U.S. Supreme Court has held is protected under the First Amendment, observing that a "consumer's interest in the free flow of commercial information … may be as keen, if not keener by far, than his interest in the day's most urgent political debate." *Va. State Bd. of Pharm. v. Va. Citizens Consumer Council*, 425 U.S. 748, 763 (1976).

77.    The Licensing Regulation Amendments impose an immediate chilling effect on the commercial speech of manufacturers by exposing them to criminal and other sanctions for discussing the newly-covered topics that have long been within the rights and settled practices of vehicle manufacturers—a widely accepted practice across many states in the United States.

78.    By restricting the free flow of truthful information to potential customers of manufacturers, the Licensing Regulation Amendments also violate the rights of potential

---

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 13

1    customers because, as the U.S. Supreme Court has held, "[i]f there is right to advertise, there is a
2    reciprocal right to receive the advertising." *Va. State Bd. of Pharm. v. Va. Citizens Consumer*
3    *Council*, 425 U.S. 748, 757 (1976).

4        79.    The Licensing Regulation Amendments do not advance any sufficient
5    countervailing interests of the State such that their violation of speech rights would be found
6    constitutional; they are not rationally related to any legitimate interest of the state of Washington,
7    let alone sufficient to pass greater constitutional scrutiny.

8        80.    The Licensing Regulation Amendments are also far more extensive than is
9    necessary to further any legitimate interest of the state of Washington.

10       81.    The Director and the Department cannot show that the Licensing Regulation
11   Amendments advance a government interest, or that they regulate no more extensively than
12   necessary to serve that interest.

13       82.    Enforcement of the Licensing Regulation Amendments would result in irreparable
14   injury and money damages that would not compensate Plaintiff's members for their injuries.

15       83.    An actual, immediate and justiciable controversy now exists concerning the
16   constitutionality of the Licensing Regulation Amendments.

17       84.    This controversy is definite and concrete because the parties' positions are adverse
18   and Defendants' enforcement of the Licensing Regulation Amendments would cause direct legal
19   injury to Plaintiff's members.

20       85.    This controversy is real and substantial, and ripe for adjudication, since the new
21   regulations are now subject to enforcement. A judicial declaration as to the constitutionality of the
22   Licensing Regulation Amendments will resolve the present controversy and provide conclusive
23   relief.

24       86.    Plaintiff therefore seeks a declaratory judgment pursuant, to 28 U.S.C. § 2201(a),
25   declaring that the Licensing Regulation Amendments are unconstitutional in violation of the First
26   Amendment to the United State Constitution.

---

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 14

87.     Defendants, under color of law of the state of Washington, caused Plaintiff's members to be subjected to the deprivation of rights, privileges, or immunities secured them by the First Amendment of the United States Constitution.

88.     An award of attorneys' fees is thus justified under 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

**Declaratory Judgment of Facially Unconstitutional Regulations Under the First**

**Amendment to the U.S. Constitution for Compelled Speech /**

**42 U.S.C. § 1983**

89.     Plaintiff repeats and re-alleges Paragraph 1 to 88 above as if fully set forth herein.

90.     The First Amendment, which applies to state and local government through the Fourteenth Amendment, prohibits laws "abridging the freedom of speech." U.S. Const. amend. I.

91.     The Licensing Regulation Amendments are facially unconstitutional under the First Amendment to the Constitution.

92.     The challenged Licensing Regulation Amendments, particularly provisions relating to "public education," require unconstitutionally compelled speech.

93.     The Licensing Regulation Amendments impose targeted, content-based compelled speech by requiring a vehicle manufacturer, when "displaying" or "demonstrating" vehicles, to "take reasonable steps to inform the public that the manufacturer may not engage in any motor vehicle dealer business activity."

94.     The Licensing Regulation Amendments do not define "displaying" or "demonstrating" vehicles, leaving it unclear which conduct requires the compelled speech.

95.     The Licensing Regulation Amendments also do not define what constitutes "reasonable steps" by not prescribing what information must be made to the public and in what form, content, and place.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 15

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

96.    The result is a regulatory scheme where manufacturers are left to guess when the information must be provided, what must be said, and how the information is to be given, among other details.

97.    Speech is compelled, but the when, how, and what of that compelled speech is vague, ambiguous, and unclear.

98.    The Licensing Regulation Amendments do not advance the legitimate interests of the state of Washington.

99.    The Licensing Regulation Amendments are not sufficiently tailored to any such interest, as they are more extensive than is necessary to further any legitimate interest of the State.

100.    The Director and the Department cannot show that the Licensing Regulation Amendments advance a government interest, or that they regulate no more extensively than necessary to serve that interest.

101.    Enforcement of the Licensing Regulation Amendments would result in irreparable injury and money damages would not compensate Plaintiff's members for their injuries.

102.    An actual, immediate and justiciable controversy now exists concerning the constitutionality of the Licensing Regulation Amendments.

103.    This controversy is definite and concrete because the parties' positions are adverse and Defendants' enforcement of the Licensing Regulation Amendments would cause direct legal injury to Plaintiff's members.

104.    This controversy is real and substantial, and ripe for adjudication. A judicial declaration as to the constitutionality of the Licensing Regulation Amendments will resolve the present controversy and provide conclusive relief.

105.    Plaintiff seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201(a), declaring that the Licensing Regulation Amendments are unconstitutional in violation of the First Amendment to the United State Constitution.

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

106.     Defendants, under color of law of the state of Washington, caused Plaintiff's members to be subjected to the deprivation of rights, privileges, or immunities secured them by the First Amendment of the United States Constitution.

107.     An award of attorneys' fees is thus justified under 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF

**Declaratory Judgment of Facially Unconstitutional Regulations Under the Fifth and Fourteenth Amendment to the U.S. Constitution /**

**42 U.S.C. § 1983**

108.     Plaintiff repeats and re-alleges Paragraph 1 to 107 above as if fully set forth herein.

109.     The Fifth Amendment to the United States Constitution provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law."

110.     The government violates this promise if a criminal law is so vague that "it fails to give ordinary people fair notice" of what is proscribed; and, second, if it is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).

111.     The Licensing Regulation Amendments, including the newly defined criminal activities of "soliciting" and the new definition of "public education," are unconstitutionally vague and fail to provide clear and proper notice.

112.     The new definition of soliciting includes "[d]iscussing" various "topics on behalf of another person," including "[t]he price of a vehicle," "[t]erms of purchase," "[p]rospective financing," "[a]vailability of vehicles for purchase," or "[v]ehicle trade-ins." WAC 308-66-110(2).

113.     The gateway term "discussing," upon which criminal sanctions can now be imposed, is not defined.

114.     Manufacturers do not and cannot know which activities will constitute criminally "discussing" information about their vehicles with consumers for purposes of the Licensing Regulation Amendments.

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

115.    When "displaying" or "demonstrating" vehicles a manufacturer must, under the Licensing Regulation Amendments, "take reasonable steps to inform the public that the manufacturer may not engage in any motor vehicle dealer business activity." WAC 308-66-110(19). Failure to comply could affect a manufacturer's license or even lead to criminal sanctions.

116.    The regulations do not define "displaying" or "demonstrating."

117.    The regulations do not provide any guidance on what constitutes "reasonable steps" or how they can be undertaken.

118.    Manufacturers do not and cannot know how to comply with the public education provisions of the Licensing Regulation Amendments.

119.    Enforcement of the Licensing Regulation Amendments would result in irreparable injury, including potential criminal sanctions, and money damages would not compensate Plaintiff's members for their injuries.

120.    An actual, immediate and justiciable controversy now exists concerning the constitutionality of the Licensing Regulation Amendments.

121.    This controversy is definite and concrete because the parties' positions are adverse, and Defendants' enforcement of the Licensing Regulation Amendments would cause direct legal injury to Plaintiff's members.

122.    This controversy is real and substantial, and ripe for adjudication. A judicial declaration as to the constitutionality of the Licensing Regulation Amendments will resolve the present controversy and provide conclusive relief.

123.    Plaintiff therefore seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201(a), declaring that the Licensing Regulation Amendments are unconstitutional in violation of the Fifth and Fourteenth Amendments to the United State Constitution.

124.    Defendants, under color of law of the state of Washington, caused Plaintiff's members to be subjected to the deprivation of rights, privileges, or immunities secured them by the Fifth and Fourteenth Amendments of the United States Constitution.

125.    An award of attorneys' fees is thus justified under 42 U.S.C. § 1988.

**FIFTH CLAIM FOR RELIEF**

**Declaratory Judgment That the Licensing Regulation Amendments Exceed Statutory**

**Authority and Are Arbitrary or Capricious**

126.    Plaintiff repeats and re-alleges Paragraph 1 to 125 above as if fully set forth herein.

127.    Plaintiff seeks judicial review of the Licensing Regulation Amendments under RCW 34.05.570(2) and/or (4), both of which provide for review of rules and agency action where the rules or agency action are unconstitutional, outside the statutory authority of the agency, or arbitrary or capricious.

128.    The Licensing Regulation Amendments exceed the Department's statutory authority by redefining what the Legislature has said are activities that require vehicle dealer licensure in RCW 46.70.011(17) and RCW 46.70.021.

129.    The Licensing Regulation Amendments expand the definition of "soliciting" beyond what the statute contemplates.

130.    The statute and the prior regulations relied on a common sense definition of "soliciting" (*i.e.*, an "offer to effect the purchase or sale of a vehicle on behalf of another person").

131.    Under the Licensing Regulation Amendments, merely discussing certain topics is deemed "soliciting," which is at odds with the statutory scheme.

132.    The Licensing Regulation Amendments create, with no statutory authority, a concept of "public education."

133.    The concept of "public education" is inconsistent with the remainder of the statutory scheme, carving out a set of activities—and compelling speech for them—despite being a concept not found in the statute.

134.    For the above reasons, the Licensing Regulation Amendments are unconstitutional, exceed statutory authority, and/or are arbitrary or capricious.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 19

1

2

**SIXTH CLAIM FOR RELIEF**

**Preliminary and Permanent Injunction**

3        135.    Plaintiff repeats and re-alleges Paragraph 1 to 134 above as if fully set forth herein.

4        136.    This claim is brought under 28 U.S.C. § 2201, 42 U.S.C. § 1983 and this Court's

5    inherent equitable authority.

6        137.    Auto Innovators has a substantial likelihood of success on the merits of its claims.

7        138.    Auto Innovators' members would suffer irreparable harm in the absence of a

8    preliminary and permanent injunction because of chilled speech to comply with the new definition

9    of "soliciting," and compelled speech to comply with the new concept of "public education."

10        139.    Additionally, Auto Innovators' members would suffer irreparable harm by having

11    to cease truthful consumer communications, which many vehicle manufacturers already spend

12    considerable resources engaging in as part of their efforts to inform the public about their products,

13    at the risk of criminal sanctions.

14        140.    Auto Innovators' members will begin incurring substantial costs in an attempt to

15    comply with the Licensing Regulation Amendments.

16        141.    There is no adequate remedy at law to compensate for the irreparable harm Auto

17    Innovators' members will face.

18        142.    The balance of the equities weighs in favor of granting an injunction. Defendants

19    and third parties will not be harmed by the injunction, as they would continue to benefit from the

20    longstanding regulatory scheme. The Department cannot claim otherwise without contradicting

21    itself given its (incorrect) position that the Licensing Regulation Amendments merely clarify the

22    existing framework. Conversely, Auto Innovators' members face real and concrete harms as set

23    forth above.

24        143.    The public interest would be served by granting an injunction. The public has a

25    strong interest in halting the enforcement of unconstitutional laws.

26

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 20

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment:

A. Declaring that the Licensing Regulation Amendments are unenforceable against vehicle manufacturers because they are preempted by the Automobile Information Disclosure Act of 1958;

B. Declaring that the that the Licensing Regulation Amendments are unenforceable because they unconstitutionally prohibit commercial speech;

C. Declaring that the that the Licensing Regulation Amendments are unenforceable because they unconstitutionally compel speech;

D. Declaring that the that the Licensing Regulation Amendments are unenforceable because they are unconstitutionally vague;

E. Declaring that the that the Licensing Regulation Amendments are unenforceable because they exceed statutory authority and are arbitrary or capricious;

F. Temporarily and permanently enjoining enforcement of the Licensing Regulation Amendments;

G. Awarding Plaintiff its costs and litigation expenses, including attorneys' fees and costs;

H. Awarding Plaintiff such other and further relief as the Court deems just, proper, and equitable.

Dated: April 23, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Hunter Ahern
Hunter Ahern #54489
701 Fifth Avenue, Suite 6800
Seattle, WA 98104
Telephone: 206.344.7600
Facsimile: 206.344.3113
E-mail: hahern@shb.com

1

Colm A. Moran (*Pro Hac Vice forthcoming*)
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 424.285.8330
Facsimile: 424.204.9093
E-mail: cmoran@shb.com

2

3

4

5

Christopher R. Wray (*Pro Hac Vice forthcoming*)
2555 Grand Blvd,
Kansas City, MO 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
E-mail: cwray@shb.com

6

7

8

***Attorneys for Plaintiff***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - Page | 22

Shook, Hardy& Bacon L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104-7066
206.344.7600