UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLIANCE FOR AUTOMOTIVE INNOVATION,<br><br>               Plaintiff,<br>      v.<br><br>MARCUS GLASPER, et al.,<br><br>               Defendants. | CASE NO. 2:25-cv-00750-LK<br><br>ORDER ON DISCOVERY MOTIONS |

This matter comes before the Court on two expedited joint motions for discovery pursuant to Local Civil Rule 37(a)(2). Dkt. Nos. 31, 43.[1] Having considered the motions and the associated submissions, Dkt. Nos. 32, 33, 44, 45, 46, the Court rules in favor of Defendants.

---

[1] The parties failed to follow the instructions in Local Civil Rule 37(a), which require that following each party's optional introductory statement, "[e]ach disputed discovery request and the opposing party's objection/response thereto shall be set forth in the submission" immediately below that. This staggered and truncated format facilitates expedited review of the parties' dispute. Instead of following these instructions (and the clear example included in Appendix B of the Local Civil Rules), the parties submitted three full-fledged briefs (encompassing 27 or more pages) in each Rule 37 submission.

The parties also failed to comply with Local Civil Rule 10(e)(10), which requires that all exhibits submitted in support of or in opposition to a motion must be separated by divider pages and marked "to designate testimony or evidence referred to in the parties' filings." *See, e.g.*, Dkt. No. 32-1; Dkt. No. 33 at 8–15; Dkt. No. 44 at 3–9, 12–18; Dkt. No.

ORDER ON DISCOVERY MOTIONS - 1

## I.    BACKGROUND

The Alliance for Automotive Innovation is an advocacy group that represents car manufacturers. Dkt. No. 1 at 4. It sued the Washington State Department of Licensing ("DOL") and its Director, Marcus Glasper, after DOL altered the definitions of "soliciting" and "public education" in the context of regulations governing car manufacturers and car dealers. *Id.* at 7–9.

The Alliance asserts five causes of action. Dkt. No. 1 at 11–19.[2] First, the Alliance seeks a declaratory judgment that the new definition of "soliciting"[3] cannot restrict the ability of vehicle manufacturers to post vehicle pricing information as required by the Automobile Information Disclosure Act of 1958, 15 U.S.C. §§ 1231–33. *Id.* at 11–12. Second, the Alliance seeks a declaratory judgment that the new definition of "soliciting" is "facially unconstitutional under the First Amendment" because it impermissibly regulates and imposes content-based restrictions on commercial speech. *Id.* at 13–15. Third, the Alliance seeks a declaratory judgment that the new definition of "public education"[4] is also "facially unconstitutional under the First Amendment"

---

46 at 3–6, 9–15, 18–25. Going forward, the Court will summarily strike filings that do not comply with the applicable rules and may impose other sanctions.

[2] The Alliance also advanced a sixth "claim" for a preliminary and permanent injunction, which the Court construes as a request for relief and does not discuss further. *See Krusee v. Bank of Am., N.A.*, No. C13-824-RSM, 2013 WL 3973966, at *5 (W.D. Wash. July 30, 2013) ("[A]n injunction is not a cause of action, but rather a remedy[.]").

[3] "Soliciting" is defined in the new regulation as: "(a) [a]n offer to effect the purchase or sale of a vehicle on behalf of another person" or "(b) [d]iscussing any of the following topics on behalf of another person: (i) [t]he price of a vehicle; (ii) [t]erms of purchase; (iii) [p]rospective financing; (iv) [a]vailability of vehicles for purchase; or (v) [v]ehicle trade-ins." Wash. Admin. Code § 308-66-110(2).

[4] Washington Administrative Code Section 308-66-110(19) provides as follows:

"Public education" means increasing the public's knowledge of a vehicle's specifications, features, and capabilities, but does not include any activities in RCW 46.70.011(17).

(a) When displaying or demonstrating vehicles for public education purposes, a licensed manufacturer must take reasonable steps to inform the public that the manufacturer may not engage in any motor vehicle dealer business activity, as defined in RCW 46.70.011(17).

(b) The following activities are examples of public education:

(i) The display of vehicles in a facility owned, leased, rented, or operated by a licensed manufacturer that prominently posts legible signs throughout such facility stating that the vehicles cannot be sold.

(ii) The display of vehicles by a museum.

(iii) A representative from a licensed manufacturer driving a vehicle that is clearly marked

ORDER ON DISCOVERY MOTIONS - 2

because it compels speech from manufacturers. *Id.* at 15–17. Fourth, the Alliance seeks a declaratory judgment that both new regulatory definitions are "[f]acially [u]nconstitutional" under the Fifth and Fourteenth Amendments because the definitions are vague. *Id.* at 17–19. Fifth, the Alliance seeks a declaratory judgment that DOL exceeded its statutory authority in violation of the Washington Administrative Procedure Act ("APA") by amending the definitions in a manner that conflicts with the statute. *Id.* at 19.

The Alliance now moves for an order compelling the production of documents and communications from DOL and the Washington State Office of the Attorney General pertaining to legal opinions DOL referenced in a pre-rulemaking notice. Dkt. No. 31. DOL's motion seeks an order quashing, on relevancy and proportionality grounds, the Alliance's notice of 30(b)(6) deposition. Dkt. No. 43.

## II.    DISCUSSION

### A.    The Alliance Has Not Shown That the Discovery It Seeks Is Relevant to Its Claims.

Alliance seeks to compel the production of documents that DOL has withheld based on attorney-client privilege and to depose a DOL employee under Rule 30(b)(6).

1. 30(b)(6) Inquiries

The Alliance seeks to depose a DOL 30(b)(6) representative on five topics:

1. DOL's responses to Alliance's written discovery requests.

2. DOL's Certified Agency Record.

3. DOL's communications with the Governor's Office regarding direct sales by EV manufacturers or the Rule Making.

4. DOL's draft versions of, and internal communications regarding, the proposed rule and Rule Making.

5. The "confusion and issues amongst industry members" that necessitated the

---

as "not for sale" for the sole purpose of displaying, discussing, or demonstrating the vehicle's specifications, features, and capabilities.

(c) Public education is not considered a motor vehicle dealer business activity that requires licensure.

ORDER ON DISCOVERY MOTIONS - 3

Rule Making.

Dkt. No. 44 at 22–24. DOL argues that the notice of deposition should be quashed because the information sought is not relevant to the Alliance's claims in this lawsuit. Dkt. No. 43 at 7–10. The Court agrees.

The Alliance's complaint raises only facial constitutional challenges to DOL's rulemaking. Dkt. No. 1. Both First Amendment claims and the vagueness claims under the Fifth and Fourteenth Amendments explicitly assert the regulations are "facially unconstitutional." *Id.* at 13, 15, 17. The conflict preemption claim also presents a facial challenge to the regulations because it alleges that DOL "may pursue criminal charges against a manufacturer (or potentially all manufacturers)" if the manufacturer complies with the federal law requiring price stickers on new cars. *Id.* at 12. The Alliance does not allege that such charges have been brought against any manufacturers; that is, it does not raise an as-applied challenge, nor does it contend in its briefing that any of its constitutional claims are anything other than facial challenges, *see generally* Dkt. No. 31 at 19–25; Dkt. No. 43 at 12–26.

Generally, "a plaintiff cannot succeed on a facial challenge unless he establishes that no set of circumstances exists under which the law would be valid, or he shows that the law lacks a plainly legitimate sweep." *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024) (citation modified).[5] The decision to litigate a case as a facial challenge "comes at a cost," as this standard "ma[k]e[s] facial challenges hard to win." *Id.* Discovery in such cases is typically unnecessary because review of a facial challenge is "limited . . . to the text of the [challenged law] itself, not what others have said the [law] means [or h]ow the [law] has been interpreted and applied by local

---

[5] In First Amendment overbreadth challenges, the plaintiff must establish that "a substantial number of the law's applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Id.* (citation modified); *see also Imperial Sovereign Ct. of Montana v. Knudsen*, 170 F.4th 820, 843 (9th Cir. 2026). Here, the Alliance does not raise an overbreadth challenge. *See generally* Dkt. No. 1.

ORDER ON DISCOVERY MOTIONS - 4

officials[.]" *Calvary Chapel Bible Fellowship v. Cnty. of Riverside*, 948 F.3d 1172, 1177 (9th Cir. 2020); *see also id.* at 1176 ("As this is a facial challenge, we consider only the text of the . . . ordinance, not its application."); *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 455, 458 (2008) ("Because respondents brought their suit as a facial challenge, we have no evidentiary record against which to assess their assertions . . . [and] we cannot strike down [the statute] on its face based on the mere possibility of" alleged harm; such a "factual determination must await an as-applied challenge.").

The Alliance's facial constitutional challenges to the regulations will thus be determined on the face of the regulations and statutes themselves. Accordingly, all of the information sought by the Alliance in the 30(b)(6) deposition is irrelevant to these claims, and the deposition would not generate information on any "nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Although the Alliance argues that the information may be relevant to issues "such as standing, injury, irreparable harm, scope of threatened enforcement, and . . . ripe[ness]," Dkt. No. 43 at 14, its explanation as to why this is so imagines an as-applied challenge rather than the facial challenges it actually brought. Specifically, the Alliance asserts that its allegations "are not resolved solely by reading the rule in the abstract," but instead require discovery about "how the agency understands key terms . . . , what conduct it views as prohibited, and what enforcement posture it intends to take[.]" *Id.* But reading the law in the abstract is exactly how a facial challenge is resolved: the plaintiff must establish that "*no set of circumstances* exists under which the [law] would be valid" or that the law lacks a "plainly legitimate sweep," *Moody*, 603 U.S. at 723 (emphasis added) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)), irrespective of "[h]ow the [law] has been interpreted and applied by local officials," *Calvary Chapel Bible Fellowship*, 948 F.3d at 1177. Moreover, the Court is unaware of any authority permitting a plaintiff to essentially seek advisory opinions from an executive agency on various

ORDER ON DISCOVERY MOTIONS - 5

hypothetical scenarios in discovery prior to implementation of a regulation. Factual determinations regarding specific applications of the regulation "must await an as-applied challenge." *Washington State Grange*, 552 U.S. at 457–58. That DOL has participated in discovery thus far does not alter the relevancy assessment.[6] Furthermore, the Alliance fails to cite particular discovery responses that it wants to explore further through a 30(b)(6) deposition, and has refused to comply with Local Civil Rule 10(e)(6) and (10)'s requirement to identify the relevant portions of DOL's discovery responses, apparently expecting the Court to find the relevant portions itself. *See, e.g.*, Dkt. No. 43 at 16–18 (citing discovery response documents in their entirety rather than the relevant page and line as required by Local Civil Rule 10(e)(6)); Dkt. No. 46 at 1–27 (failing to mark any exhibits as required by Local Civil Rule 10(e)(10)). This is not the Court's job. *See Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024) ("[J]udges are not like pigs, hunting for truffles buried in the record." (citation modified)).

The information sought in the deposition is also irrelevant to the Alliance's Washington State Administrative Procedure Act claim. The Alliance alleges that DOL exceeded its statutory authority in promulgating the regulations at issue and that the regulations are therefore arbitrary and capricious. Dkt. No. 1 at 19. In a challenge to a regulation under the Washington APA, judicial review is "confined to the agency record[.]" Wash. Rev. Code § 34.05.558. The court may admit additional evidence "only if it relates to the validity of the agency action at the time it was taken" and is needed to decide disputed issues regarding (1) the improper constitution of a decision-making body or grounds for disqualification of those in the agency taking action, (2) unlawfulness of procedure or process, or (3) material facts in rulemaking "not required to be determined on the agency record." *Id.* § 34.05.562. The Alliance has not moved to supplement the agency record nor

---

[6] The Court notes that it expects that, having taken the position that extra-record evidence is entirely irrelevant to this dispute, DOL will not rely on any material outside the agency record in subsequent motion practice.

ORDER ON DISCOVERY MOTIONS - 6

indicated that additional evidence is needed regarding "the validity of the agency action at the time it was taken[.]" *Id.* Nor does it seem likely that it could, as its Washington APA claim does not allege that there were procedural irregularities in the promulgation of the rules that render it arbitrary and capricious; rather, the claim is that the rule exceeds DOL's statutory authority. Dkt. No. 1 at 19.

Because the Alliance has not demonstrated the relevancy of the information it seeks in the deposition, the Court need not analyze the proportionality of the request. The Court therefore quashes the Alliance's 30(b)(6) notice of deposition.

2. Opinions from Attorney General's Office to DOL

In its "prenotice inquiry" alerting the public that rulemaking may occur with respect to definitions related to vehicle dealers and manufacturers, *see* Wash. Rev. Code § 34.05.310(1), DOL stated that it was considering rulemaking for the following reasons:

> Currently there is ambiguity in the definition of a vehicle dealer versus a manufacturer, and what activities each business type is allowed to participate in. This has led to confusion and issues amongst industry members, *requiring opinions from the Attorney General's office*. DOL is considering rulemaking to further define each type of business practice to provide clarity for industry members on allowable activities.

Dkt. No. 32-1 at 1 (emphasis added). In its Requests for Production, the Alliance sought "[a]ll Documents and Communications between WDOL and the Washington State Office of the Attorney General, including but not limited to the 'opinions' WDOL requested due to the 'confusion amongst industry members' about the 'ambiguity in the definition of a vehicle dealer versus a manufacturer, and what activities each business type is allowed to participate in[.]'" Dkt. No. 33 at 22. DOL asserted attorney-client privilege over several responsive documents and communications, Dkt. No. 32-2 at 1–3,[7] which it continues to assert, Dkt. No. 31 at 9. DOL also

---

[7] The privilege log consists of seven emails among DOL personnel and the Attorney General's office. Dkt. No. 32-2.

ORDER ON DISCOVERY MOTIONS - 7

contends that the information is irrelevant. *Id.*

For the same reasons explained above, the opinions provided by the Attorney General's office (which pre-date the challenged rule) have no relevance to the Alliance's facial constitutional challenges or to its Washington APA claim. Notably, DOL's Notice of Proposed Rulemaking under Revised Code of Washington Section 34.05.320 makes no mention of opinions from the Attorney General's office, instead stating as follows in the "Reasons supporting proposal" section:

> Currently, there is ambiguity around what constitutes the "soliciting" of a sale and "public education". This has created difficulties for vehicle dealers and manufacturers operating within Washington State with respect to compliance. These amendments will clarify what qualifies as the "soliciting" of a sale and "public education".

Dkt. No. 33 at 5. Further, the opinions are privileged communications, as the Alliance concedes, and DOL did not impliedly waive the contents of those communications by merely mentioning their existence in the pre-notice inquiry because it did not rely on the contents of the communications. *See Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) ("voluntary disclosure of the *content* of a privileged attorney communication constitutes waiver of the privilege") (emphasis added). The Alliance has failed to show that the communications meet the criteria in Section 34.05.562(1) of the Revised Code of Washington, especially considering DOL's lack of reliance on the contents of the communications. *Pres. Responsible Shoreline Mgmt. v. City of Bainbridge Island*, 11 Wash. App. 2d 1040 (Wash. Ct. App. 2019) (affirming trial court's decision not to supplement the record where appellant failed to explain how supplemental evidence met the requirements of Section 34.05.562(1)); *Lane v. Washington State Health Care Auth.*, No. 57178-1-II, 2026 WL 372880, at *6–7 (Wash. Ct. App. Feb. 10, 2026) (same).

DOL also did not gain an unfair advantage by broadly describing the inquiries made to the Attorney General's office in an interrogatory response, Dkt. No. 33 at 11, such that implied waiver is warranted. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d

1186, 1196 (9th Cir. 2001). As the Washington Court of Appeals observed in an analogous case, "A rule requiring disclosure of internal legal memos if the legal advice contained within is somehow embraced by the agency would eviscerate the attorney-client privilege by making any adhered-to legal advice fair game for disclosure"; especially where the government does not "rely on the privileged contents of the [communication at issue] to justify its actions or policies," requiring disclosure "would clearly frustrate the safe harbor that the attorney-client privilege provides to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Methow Valley Citizens Council v. Okanogan Cnty.*, 35 Wash. App. 2d 1021, 2025 WL 2398661, at *7–8 (Wash. Ct. App. 2025) (citation modified).

### III.  CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

(1)    The Alliance's motion to compel production of documents over which DOL has claimed attorney-client privilege, Dkt. No. 31, is DENIED; and

(2)    DOL's motion to quash the notice of Rule 30(b)(6) deposition, Dkt. No. 43, is GRANTED.

Dated this 16th day of April, 2026.

Lauren King
United States District Judge

ORDER ON DISCOVERY MOTIONS - 9